# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1782

_____

| | |
|---|---|
| Norma Bell, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States District |
| | * Court for the District of Minnesota. |
| Safeco Insurance Company of America, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: October 20, 1999

Filed: November 9, 1999

_____

Before BOWMAN, ROSS and MURPHY, Circuit Judges.

_____

PER CURIAM.

Norma Bell appeals from a judgment of the district court[1] granting summary judgment in favor of Safeco Insurance Company of America. We affirm.

In 1985 Bell's husband Charles purchased automobile liability insurance from Safeco, which provided bodily injury coverage of $300,000 per occurrence. One month before Bell renewed the policy in 1988, Safeco notified him that liability coverage for family members would not exceed the limits of liability required by Minnesota state law,

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

which was $30,000 per person.  In 1996, Bell was injured in an accident while she was a passenger in an insured automobile driven by Charles, who died from his injuries.

Bell filed a declaratory judgment action, seeking to invalidate the limitation on family liability coverage.  In the alternative, she argued that the notice of the limitation was insufficient.  The district court granted Safeco's motion for summary judgment.  The court rejected Bell's argument that the family liability limitation violated Minnesota's public policy.  The court noted in Hime v. State Farm Fire & Cas. Co., 284 N.W.2d 829, 834 & n.1 (Minn. 1979), cert. denied, 444 U.S. 1032 (1980), the state supreme court held that a family liability exclusion was contrary to the state's public policy. However, the district court held that Hime was not controlling, because Safeco had not eliminated coverage for family members, but merely limited coverage to the minimum required by state law. The district court also held that Safeco's notice sufficiently informed the insured of an important change in a policy provision.

Finding no error of law or fact, we affirm on the basis of the district court's opinion.[2] See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We have previously denied Bell's motion to certify.